Farzan v. Bridgewater Associates, LP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of October, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.
             GEOFFREY W. CRAWFORD,[1]
                     *District Judge*.

_____

RAYMOND FARZAN,

                     *Plaintiff-Appellant*,

                     v.                                    17-454-cv

BRIDGEWATER ASSOCIATES, LP, IAIN PAINE, RYAN OBEROI, ABYSS GROUP, INC., now known as Torana Inc., JEFFREY WELSH,

                     *Defendants-Appellees*.[2]

_____

Appearing for Appellant:     Raymond Farzan, Middletown, N.J.

_____

[1] Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.
[2] The clerk is instructed to amend the caption in accordance with the above.

Appearing for Appellee:      Patrick W. Shea, Paul Hastings LLP, New York, N.Y. *for* Defendants Bridgewater Associates, LP, Iain Paine, Ryan Oberoi, and Jeffrey Welsh

                                  Douglas J. Varga, Lucas & Varga LLC, Southport, CT *for* Defendant Abyss Group, Inc., now known as Torana Inc.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Raymond Farzan appeals from a judgment in favor of his former employers and several of their employees. His complaint, originally filed in Connecticut state court and removed by the defendants to federal court, asserted claims for breach of his employment contract, discrimination under state and federal law, and obstruction of justice.[3] The district court stayed discovery pending resolution of the defendants' motions to dismiss, and then dismissed Farzan's breach and obstruction claims for failure to state a claim and his discrimination claims as time barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Farzan challenges the district court's decision to stay discovery pending the defendants' pre-answer motions to dismiss the amended complaint. We cannot find that the district court abused its discretion in staying discovery. "Recognizing the district court's broad discretion to direct and manage the pre-trial discovery process," we review a district court's discovery rulings for abuse of discretion. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). Appellant had no reason to begin discovery and offers none for us to consider. The district court had ample reason to stay discovery in light of Appellant's history of similar litigation and the low likelihood that the case would move past the motion to dismiss stage.

Farzan argues that the district court failed to liberally construe his pleadings with respect to his breach-of-contract claim. We disagree. We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The employment contract Farzan attached to his complaint explicitly stated that either party "may terminate this Agreement at will at any time on [t]wo weeks prior notice." App'x at 165. Because this contractual language was "clear and unambiguous" with regard to the parties' rights of termination, Farzan's allegation that a recruiter for one of the defendants told him he would be working for at least 18 months was insufficient to "vary or contradict the terms" of the agreement. *See Schilberg Integrated Metals Corp. v. Cont'l Cas. Co.*, 263 Conn. 245, 277–78 (2003); *see also Associated Catalog Merchandisers, Inc. v. Chagnon*, 210 Conn. 734, 739–40 (1989). Appellant does not and cannot point us to any public policy that would

---

[3] Farzan's amended complaint asserted various other claims, but he has abandoned those by failing to address them on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

override interpreting the contract according to its clear terms, however liberally we interpret his arguments.

Farzan next argues that the district court erred by ignoring his claim that the defendants obstructed justice by interfering with a discrimination investigation by Connecticut's Commission on Human Rights and Opportunities. But obstruction of justice is a criminal charge, not a private cause of action. *Cf.* 18 U.S.C. § 1505. Therefore, this claim must fail.

Finally, Farzan challenges the dismissal of his discrimination claims as time barred. The district court concluded that his discrimination claims were time barred because he did not serve the defendants within 90 days of receiving his release-of-jurisdiction letter from the CHRO, as required under Connecticut law. Farzan argues that the timeliness of his claims should instead have been determined based on Federal Rule of Civil Procedure 3, which provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

We review de novo the district court's dismissal of Farzan's federal law discrimination claims on timeliness grounds, which is a dismissal for failure to state a claim under 12(b)(6). *See Holowecki v. Federal Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006); *Johnson v. AL Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). Whether timeliness challenges sound in jurisdiction or substance is unsettled under Connecticut law, but in either case we review de novo. *Compare Williams v. CHRO*, 257 Conn. 258 (2001 (180-day limit is not a matter of jurisdiction) *with Ryan v. Paychex, Inc.*, No. 3:08-cv-1151 (WWE), 2009 WL 4880287 at *2 (D. Conn. Dec. 14, 2009) ("Connecticut courts have held that the ninety-day deadline of section 46a-101 is jurisdictional.").

With respect to the federal claims, Farzan has conceded that he received a right-to-sue letter from the Equal Employment Opportunity Commission in December 2015 and served defendants more than 90 days after that. *Cf. John H. Kolb & Sons, Inc. v. G & L Excavating, Inc.*, 76 Conn. App. 599, 603 n.5 (2003) (action brought on date of service of defendant). He has thereby conceded that his federal discrimination claims are time barred. *See Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 127 (2d Cir. 2006).

With respect to the state law claims, state discrimination claims, Farzan's argument that Rule 3 should take precedence over the Connecticut rule is foreclosed by the Supreme Court's decision in *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1978) (holding that Oklahoma rules concerning service of process must be applied by federal courts adjudicating a dispute based on Oklahoma law); *see also Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515–16 (2d Cir. 1990) (applying this finding to Connecticut law). Farzan received his right-to-sue letter from the CHRO on January 20, 2016 and did not serve any defendant until May 16, 2016, well beyond the 90 day deadline in Connecticut law.

We have considered the remainder of Farzan's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk